UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
-------------------------------------------------------------------- X

CHAIM KAPLAN, *et al.*,

                       Plaintiffs,

        *-against-*

CENTRAL BANK OF THE ISLAMIC REPUBLIC OF IRAN, *et al.*,

                       Defendants.

Civil Action No:
10-cv-483 (RCL)

-------------------------------------------------------------------- X

## **PLAINTIFFS' NOTICE REGARDING FUTURE PROCEEDINGS**

On July 20, 2018, the Court of Appeals vacated this Court's dismissal of plaintiffs' claims under the Antiterrorism Act ("ATA"), 18 U.S.C. § 2333, against defendant Bank Saderat PLC ("BSPLC"), and remanded for a determination of the existence of personal jurisdiction over BSPLC. The mandate was docketed in this Court on September 11, 2018.[1]

Plaintiffs intend to move to transfer venue in this action to the U.S. District Court for the Eastern District of New York, in light of the decision in *Lelchook v. Islamic Republic of Iran*, 224 F. Supp. 3d 108 (D. Mass. 2016). *Lelchook* is an ATA action against BSPLC arising from the same conduct complained of in this action, and the *Lelchook* court found that there "is likely personal

---

[1] Plaintiffs' ATA claims were dismissed under the ATA's "act of war" defense. However, Congress has now passed the Antiterrorism Clarification Act of 2018 ("ATACA"), S. 2946, 115th Cong. Barring a veto, the ATACA will shortly become law. ATACA § 2 amends the ATA to eliminate the "act of war" defense in new or pending ATA cases where the attack was carried out by a designated "foreign terrorist organization." Hezbollah was designated a "foreign terrorist organization" in 1997. (*See* 62 FR 52650). Thus, unless the ATACA is vetoed, the "act of war" defense will be inapplicable in this case.

1

jurisdiction in New York" over BSPLC, and therefore transferred the case to the EDNY "in the interest of justice." *Id*. at 117.[2]

Plaintiffs have contacted BSPLC's counsel regarding the anticipated motion, and the latter have indicated that BSPLC will not oppose the motion to transfer venue, subject to certain conditions. Plaintiffs' counsel are therefore working on drafting motion language that will not be opposed by BSPLC, but this process has been slowed by the fact that counsel have been out of the office much of the past few weeks due to the Jewish holidays. However, we anticipate finalizing and filing the motion, hopefully in a form that will not be opposed by BSPLC, within the next week or ten days (unless of course the Court directs otherwise).

Plaintiffs are filing this Notice to apprise the Court of the anticipated motion, and of the parties' communications in respect thereto, lest the absence of any filing since the docketing of the mandate be misconstrued as inaction by the parties.

Respectfully submitted,

THE BERKMAN LAW OFFICE, LLC
*Counsel for the Plaintiffs*

by: /s/ Robert J. Tolchin

Robert J. Tolchin
(D.C. Bar # NY0088)
111 Livingston Street, Suite 1928
Brooklyn, New York 11201
(718) 855-3627
rtolchin@berkmanlaw.com

---

[2] Plaintiffs anticipate filing a similar motion in respect to their related ATA action against Hezbollah, 09-cv-646.