UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
------------------------------------------------------------------- X

CHAIM KAPLAN, *et al.*,

      Plaintiffs,

   -*against*-

CENTRAL BANK OF THE ISLAMIC REPUBLIC OF IRAN, *et al.,*

      Defendants.

------------------------------------------------------------------- X

Civil Action No:
10-cv-483 (RCL)

## PLAINTIFFS' UNOPPOSED MOTION TO TRANSFER VENUE

Plaintiffs respectfully move, for the reasons set forth in the attached Memorandum, to sever plaintiffs' claims against defendant Bank Saderat PLC ("BSPLC"), and to transfer those claims to the United States District Court for the Eastern District of New York.

Pursuant to Local Civil Rule 7(m) plaintiffs' undersigned counsel states that he has conferred with BSPLC (by Jeremy D. Frey, Esq.), which has informed plaintiffs' counsel that BSPLC does not oppose this motion, subject to its reservations set forth in the attached Memorandum.

**WHEREFORE** the instant motion should be granted.

Respectfully submitted,

THE BERKMAN LAW OFFICE, LLC
*Counsel for the Plaintiffs*

by: _____

Robert J. Tolchin
(D.C. Bar # NY0088)
111 Livingston Street, Suite 1928
Brooklyn, New York 11201
(718) 855-3627
rtolchin@berkmanlaw.com

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
------------------------------------------------------------------------ X

CHAIM KAPLAN, *et al.*,

                Plaintiffs,

           -*against*-

CENTRAL BANK OF THE ISLAMIC REPUBLIC OF
IRAN, *et al.,*

                Defendants.

------------------------------------------------------------------------ X

Civil Action No:
10-cv-483 (RCL)

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION TO TRANSFER VENUE

Plaintiffs respectfully submit this Memorandum in support of their unopposed motion to sever plaintiffs' claims against defendant Bank Saderat PLC ("BSPLC"), and transfer those claims to the United States District Court for the Eastern District of New York. In support of their motion plaintiffs respectfully state as follows:

1) On August 20, 2013, this Court dismissed plaintiffs' claims against BSPLC under the Antiterrorism Act ("ATA"), 18 U.S.C. § 2333, on the basis of the "act of war" defense.

2) On July 20, 2018, the Court of Appeals vacated this Court's dismissal of plaintiffs' ATA claims against BSPLC, and remanded for a determination of the existence of personal jurisdiction over BSPLC. The mandate was docketed in this Court on September 11, 2018.[1]

3) Plaintiffs maintain that personal jurisdiction may properly be exercised over

---

[1] On October 3, 2018, the President signed the Antiterrorism Clarification Act of 2018 ("ATACA"), P.L. 115-253. Section 2 of the ATACA amends the ATA to eliminate the "act of war" defense in new or pending ATA actions where the attack at issue was carried out by a designated "foreign terrorist organization." Hezbollah has been continuously designated a "foreign terrorist organization" since 1997. (*See* 62 FR 52650). Thus, the "act of war" defense is no longer available in this case.

1

BSPLC on the basis of its *nationwide* contacts with the United States as a whole, including particularly its banking contacts with New York.[2] However, in *Wultz v. Islamic Republic of Iran*, 762 F. Supp. 2d 18 (D.D.C. 2011), this Court held that an ATA plaintiff may rely on a defendant's nationwide jurisdictional contacts only when the ATA's special venue provision, 18 U.S.C. § 2334(a), is satisfied. Absent that, the ATA plaintiff must demonstrate that the defendant has sufficient jurisdictional contacts with the individual forum (i.e., the specific state or the District of Columbia) in which the ATA action was brought.

4) The ATA special venue rule provides for venue "where any plaintiff resides or where any defendant resides or is served, or has an agent." ATA § 2334(a). Plaintiffs are unaware of any basis for venue under § 2334(a) in this case. Thus, assuming that this Court would apply its holding in *Wultz* in this case, plaintiffs would be unable to rely on BSPLC's nationwide jurisdictional contacts, and would need to show sufficient jurisdictional contacts between BSPLC and the District of Columbia. Plaintiffs are unaware that BSPLC has any D.C. contacts.[3]

5) On December 20, 2016, the U.S. District Court for the District of Massachusetts issued a decision in *Lelchook v. Islamic Republic of Iran*, 224 F. Supp. 3d 108 (D. Mass. 2016) – which, like this case, is an ATA suit against BSPLC brought by U.S. citizens harmed by Hezbollah rocket attacks on Israel in 2006 – finding that there "is likely personal jurisdiction in New York" over BSPLC, and transferring the case to the EDNY "in the interest of justice." *Id*. at 117.

6) Notably, in *Wultz*, this Court took the same path later trod by the *Lelchook* court,

---

[2] A full and fair consideration of BSPLC's jurisdictional contacts will require jurisdictional discovery. Accordingly, after the resolution of this motion, plaintiffs intend to seek jurisdictional discovery, from the EDNY if the motion is granted or from this Court if it is not.

[3] Plaintiffs respectfully disagree with the holding in *Wultz*, but they recognize the distinct possibility that the Court would adhere to and apply it in this case.

2

transferring the ATA claims against the defendant to New York. *Wultz*, 762 F. Supp. 2d at 31-33.

7) In light of all the above, and to avoid litigation over the correctness and application of *Wultz* to this case and thereby expedite this case and preserve judicial and party resources, plaintiffs respectfully request that this Court sever and transfer their claims against BSPLC to the EDNY, which the *Lelchook* court has already found "likely" has jurisdiction over BSPLC pursuant to the proposed order.

8) While reserving all its rights, contesting personal jurisdiction in the United States and without otherwise admitting or agreeing with plaintiffs' claims and assertions herein, BSPLC (by Jeremy D. Frey, Pepper Hamilton LLP) does not oppose plaintiffs' motion to sever the subject claims against BSPLC and to transfer the case to the Eastern District of New York pursuant to the proposed order.

**WHEREFORE** the instant motion should be granted.

Respectfully submitted,

THE BERKMAN LAW OFFICE, LLC
*Counsel for the Plaintiffs*

by: /s/ Robert J. Tolchin

Robert J. Tolchin
(D.C. Bar # NY0088)
111 Livingston Street, Suite 1928
Brooklyn, New York 11201
(718) 855-3627
rtolchin@berkmanlaw.com

3