UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHAIM KAPLAN *et al.*, <br>               Plaintiffs, <br><br> v. <br><br> CENTRAL BANK OF THE <br> ISLAMIC REPUBLIC OF IRAN *et al.*, <br>               Defendants. | Case No. 10-cv-483 (RCL) |

**MEMORANDUM OPINION**

Plaintiffs now ask the Court to sever their Anti-Terrorism Act (ATA) claims against defendant Bank Saderat PLC (BSPLC) and to transfer those claims to the United States District Court for the Eastern District of New York. Pls.' Mot. to Transfer Venue, ECF No. 72. BSPLC does not oppose this motion, subject to the reservations that it "reserve[es] all its rights, contest[s] personal jurisdiction in the United States, and [does not] admit[] or agree[] with plaintiffs' claims and assertions." *Id.*

**I.    Background**

This action arises out of a series of rocket attacks by Hezbollah on civilians in Israel during a 34-day conflict in 2006 along the border between Israel and Lebanon. Some plaintiffs allegedly suffered injuries in these attacks, others claim to be the family members or personal representatives of the estates of victims. Defendants Bank Saderat Iran (BSI) and Bank Saderat, PLC (BSPLC) allegedly transmitted funds from defendant Iran to Hezbollah. The complaint asserted four types of claims: (1) Foreign Sovereign Immunities Act (FSIA) state-sponsor of terrorism, 28 U.S.C. § 1605A(c), claims by the American plaintiffs against Iran, the Central Bank of Iran (CBI), and BSI (but not BSPLC), Compl. ¶¶ 117–26 (Claims I & II), ECF No. 3 [hereinafter Compl.]; (2) ATA,

1

18 U.S.C. § 2333(a), claims by the American plaintiffs against BSPLC (but not BSI), Compl. ¶¶ 127–45 (Claims III & IV); (3) Alien Tort Statute (ATS), 28 U.S.C. § 1350, claims by the non-American plaintiffs against BSI and BSPLC, Compl. ¶¶ 146–153 (Claim V); and (4) Israeli tort claims by all plaintiffs against BSI and BSPLC, Compl. ¶¶ 154–73 (Claims VI & VII).

In 2013, this Court issued an opinion regarding the claims against BSI and BSPLC. *Kaplan v. Cent. Bank of the Islamic Republic of Iran*, 961 F. Supp. 2d 185 (D.D.C. 2013). This Court dismissed the FSIA claims against BSI because BSI was not an "agency or instrumentality" under the FSIA because it was not majority-owned by a foreign state at the time the suit was filed. *Id.* at 198–99. Also, this Court dismissed the ATA claims against BSPLC based on the ATA's act-of-war exception. *Id.* at 203–04. The ATA's act-of-war exception provides that "[n]o action shall be maintained under section 2333 of [title 18 of the U.S. Code] for injury or loss by reason of an act of war." 18 U.S.C. § 2336(a). The term "act of war" is defined by the ATA as to include "any act occurring in the course of" any of the following: a "declared war," an "armed conflict, whether or not war has been declared, between two or more nations," or an "armed conflict between military forces of any origin." *Id.* § 2331(4). At time of the 2013 opinion, the term "military force" was not defined. Further, this Court dismissed the non-American plaintiffs' ATS claims against BSI and BSPLC because the attacks at issue in this case did not "touch and concern the territory of the United States . . . with sufficient force to displace the presumption against extraterritorial application [of the ATS]" under the Supreme Court's decision in *Kiobel*. *Kaplan*, 961 F. Supp. 2d at 204–05; *see Kiobel v. Royal Dutch Petroleum Co.*, 569 U.S. 108, 124–25 (2013). Finally, this Court declined to exercise supplemental jurisdiction over plaintiffs' Israeli tort claims against BSI and BSPLC because the court dismissed all federal causes of action against these defendants and

comity principles indicated the Israeli tort claims would be best addressed by Israeli courts. *Kaplan*, 961 F. Supp. 2d. at 205–06.

Subsequently, this Court addressed the FSIA claims against Iran and CBI in a 2016 opinion and order and judgment. *Kaplan v. Hezbollah*, 213 F. Supp. 3d 27 (D.D.C. 2016). This Court ruled in favor of the plaintiffs regarding the FSIA claims against Iran. *Id.* However, the Court dismissed the FSIA claims against CBI because plaintiffs did not present any evidence concerning CBI's liability. Order, ECF No. 53.

In July 2018, the D.C. Circuit vacated this Court's dismissal with respect to the ATA claims and remanded for further proceedings. *Kaplan v. Cent. Bank of the Islamic Republic of Iran*, 896 F.3d 501 (D.C. Cir. 2018). The D.C. Circuit concluded that this Court first needed to determine that it has personal jurisdiction over defendants before applying the ATA's act-of-war exception. *Id.* at 512–14. The D.C. Circuit affirmed this Court's dismissal of the ATS claims in that same opinion. *Id.* at 514–16. In October 2018, the President signed the Anti-Terrorism Clarification Act of 2018 (ATCA) into law, which amended the ATA to eliminate the "act of war" defense in new or pending ATA actions where the attack at issue was carried out by a designated "foreign terrorist organization." Anti-Terrorism Clarification Act of 2018, Pub. L. 115-253, § 2 (codified at 18 U.S.C. § 2331). Hezbollah has been continuously designated a "foreign terrorist organization" since 1997, making the act-of-war exception no longer applicable to this case.

**II.     Discussion**

The ATA provides that "[a]ny civil action under section 2333 of this title against any person may be instituted in the district court of the United States for any district where any plaintiff resides or where any defendant resides or is served, or has an agent. Process in such a civil action may be served in any district where the defendant resides, is found, or has an agent." 18 U.S.C. §

2334(a). The first sentence of § 2334(a) is the venue provision and the second sentence is the nationwide service provision. In *Wultz v. Islamic Republic of Iran*, 762 F. Supp. 2d 18 (D.D.C. 2011), this Court held that an ATA plaintiff may only rely on a defendant's nationwide jurisdictional contacts when the plaintiff complies with the ATA's venue provision. Absent that, an ATA plaintiff must demonstrate that the defendant has sufficient jurisdictional contacts with the individual forum in which the ATA action was brought.

Plaintiffs concede that they are not aware of any basis for venue under § 2334(a) in this case. Thus, under *Wultz*, plaintiffs cannot rely on BSPLC's nationwide jurisdictional contacts, and must show sufficient jurisdictional contacts between BSPLC and the District of Columbia for venue to be proper in this Court. However, plaintiffs again concede that they are unaware that BSPLC has any D.C. contact. Accordingly, this Court lacks jurisdiction over BSPLC.

The Court is left with two options: dismiss the case for lack of personal jurisdiction or transfer the case to a district where it could have been brought. 28 U.S.C. § 1631 authorizes this Court to transfer a case over which it lacks jurisdiction to any other court where the action originally could have been brought as long as the transfer is in the "interest of justice." 28 U.S.C. § 1631.

Plaintiffs point to the U.S. District Court for the District of Massachusetts' decision in *Lelchook v. Islamic Republic of Iran*, 224 F. Supp. 3d 108 (D. Mass. 2016), in support of their argument that this Court should transfer the claims against BSPLC to the E.D.N.Y. In *Lelchook*, plaintiffs brought an ATA suit against BSPLC, among other claims against multiple other defendants. The claims at issue in *Lelchook* involved different rocket attacks during the same conflict at the heart of this case along the border between Israel and Lebanon. The *Lelchook* plaintiffs included several assertions regarding BSPLC's alleged use of the New York banking

4

system. *See Lelchook*, 224 F. Supp. 3d at 112, 116 (D. Mass. 2016). The *Lelchook* court assessed that there was likely personal jurisdiction in New York based on plaintiffs' allegation that BSPLC transferred funds to Hezbollah through the U.S. financial system that was likely routed through New York. The court found that New York law had supported the exercise of personal jurisdiction in similar circumstances. *See Lelchook*, 224 F. Supp. 3d at 117 (citing *Licci v. Lebanese Canadian Bank*, 20 N.Y.3d 327, 340 (N.Y. 2012) (finding personal jurisdiction over a foreign bank that maintained and utilized a correspondent account in New York to process dollar-denominated transactions similar to those at issue in *Lelchook*)). Thus, the court found that it was in the interest of justice to transfer the case to the E.D.N.Y. pursuant to 28 U.S.C. § 1631.

Similarly, this Court now finds that it is in the interest of justice to sever plaintiffs' ATA claims against BSPLC and to transfer those claims to the E.D.N.Y. The *Lelchook* plaintiffs' jurisdictional allegations are also applicable to the claims against BSPLC in this case. Both of these ATA suits against BSPLC are premised on BSPLC's alleged financial support for Hezbollah, which "enable[ed] and caus[ed] Hezbollah to carry out terrorist attacks against American and Israeli targets." Compl. ¶ 35; *Lelchook*, Amend. Compl., ECF No. 81, ¶ 109–12. Accordingly, despite the fact that the plaintiffs in this case did not specifically make allegations regarding BSPLC's contacts with New York, the Court finds that it is appropriate to look to *Lelchook*'s discussion on personal jurisdiction given how closely related these cases are and the fact that they both involve defendant BSPLC. This Court therefore concurs with the *Lelchook* court's determination that New York plausibly has jurisdiction over this case. The Court finds that it is in the interest of justice to transfer this case to the Eastern District of New York pursuant to 28 U.S.C. § 1631.

### III. Conclusion

The Court will sever and transfer the ATA claims against BSPLC to the United States District Court for the Eastern District of New York. All remaining claims in this case have been addressed. Therefore, the Court will terminate this case on the active dockets in accordance with the final judgments issued in this matter. A separate order shall issue.

SIGNED this 14th day of May, 2019.

                                                       Royce C. Lamberth
                                                     United States District Judge